**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10026 |
| Plaintiff - Appellee, | D.C. No. 3:97-cr-00239-MHP-2 |
| v. | |
| PETER TRAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted December 8, 2011
San Francisco, California

Before: O'SCANNLAIN, COWEN**, and BERZON, Circuit Judges.

Defendant-Appellant Peter Tran was indicted for illegally importing

weapons parts from Vietnam.  Although the charges were eventually dismissed

with prejudice, the government destroyed the weapons parts upon which the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert E. Cowen, Senior Circuit Judge for the Third
Circuit, sitting by designation.

charges were based.  The district court held that these weapons parts were contraband and that Tran, therefore, was not entitled to their return or to compensation for their destruction.  We affirm.

Although a person from whom the government seizes property is ordinarily entitled to its return, a motion for the return of such property may be denied "if the [person] is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues."  *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).  Treasury Department regulations, enacted pursuant to the Arms Export Control Act, 22 U.S.C. § 2778(a)(1), prohibit the importation into the United States of defense articles, including the weapons parts at issue here, "originating in" Vietnam.  27 C.F.R. § 447.52(a).

The district court did not clearly err in determining that the weapons parts originated in Vietnam.  *See United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). Tran argues that the weapons parts originated not in Vietnam but rather in Laos, where, he asserts, they had been stored for decades before being exported to the United States.   However, the bill of lading lists the "point and country of origin" of the shipment as Vietnam.  The sales contract for the parts lists Ho Chi Minh City, Vietnam as the port from which the weapons parts were to be shipped.

-2-

The weapons parts were fraudulently misidentified as machine parts, which suggests that they were intended for illegal importation. And there is substantial evidence in the record that Tran sought to enlist help from an undercover special agent in getting the weapons parts out of Vietnam to the United States, despite the Treasury Department regulation preventing such exportation.

Tran also maintains that even if the weapons parts were imported *from* Vietnam, they were not imported *to* the United States, and they therefore fall outside the scope of the Treasury Department regulation. This argument fails for two reasons.

First, the district court did not clearly err in finding that "the cargo was brought within the United States with the intention that it be unladed from the ship." The bills of lading stated that the defense articles were destined for California. The misidentification of the weapons parts as machine parts indicates that they were intended for illegal importation – that is, importation into the United States – and not, as Tran argues, permissible importation – to, for example, Costa Rica via Mexico. And there is a transcript of Tran discussing with an undercover agent how to import the weapons parts into the United States despite the prohibition on their importation. Given the substantial evidence that the weapons parts were, in fact, intended for importation into the United States, the district court

did not clearly err in finding that the defense articles were brought to the United States with the intent to unlade them – that is, that Tran intended that they remain permanently in the United States, and not that they end up elsewhere, such as Mexico or Costa Rica.

Furthermore, even if the defense articles could be considered in transit while they were in the United States, they would nevertheless be subject to the State Department's regulation on temporary imports. *See* 27 C.F.R. § 447.46. That regulation states, in relevant part, that "[a]ny person who intends to export or import temporarily a defense article must obtain the approval of the Directorate of Defense Trade Controls prior to the export or temporary import." 22 C.F.R. § 123.1. Tran did not obtain such approval, nor does he argue that the weapons parts at issue qualified for any exemption from this requirement.

Thus, whether permanently or temporarily, the weapons parts were imported into the United States from Vietnam in violation of Treasury Department regulations prohibiting such importation. The record contains no evidence that Tran applied for, let alone received, permission to import the weapons parts under a regulatory exception allowing the importation of some defense articles as "curios or relics." *See* 27 C.F.R. § 447.52(e). The weapons parts were therefore

contraband, and Tran is not entitled to their return nor to compensation for their destruction.

AFFIRMED.